UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| OMEGA HEALTHCARE INVESTORS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:99-cv-0862-RLY/WTL |
| RES-CARE HEALTH SERVICES, INC., COMMUNITY ALTERNATIVES INDIANA, INC., and MARSHALL & STEVENS, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DAMAGES INCURRED UNDER COUNT I OR UNJUST ENRICHMENT**

Defendants Res-Care Health Services, Inc. and Community Alternatives, Inc. (collectively "Res-Care") move to exclude the introduction of evidence by plaintiff Omega Healthcare Investors, Inc. ("Omega") that: (1) Omega suffered damages under Count I of the Third Amended Complaint; and (2) Res-Care has been unjustly enriched. Omega acknowledges that it cannot introduce evidence of unjust enrichment. Therefore, the court need only address whether Omega suffered damages under Count I.

Count I of Omega's Third Amended Complaint alleges that Res-Care breached a Master Lease executed in 1986 between landlord Angell Care Limited Partnership ("Angell") and tenants Beverly Enterprises – Illinois, Inc. and Beverly Enterprises –

1

Indiana (collectively, "Beverly").  (Third Amended Complaint, ¶ 11).  The Master Lease addressed three facilities that became Intermediate Care Facilities for the Mentally Retarded ("ICF/MRs") before Res-Care sublet these facilities from Beverly. The Master Lease contained provisions that requested the tenant to use its best efforts to operate the facilities as a "provider of health care services in accordance with its Primary Intended Use" and to "assist in a smooth transition" of the facilities after the expiration of the lease term. *Id.* at ¶ 18.  Also, the Master Lease stated that it was "the intention of the parties" to maintain "a fully furnished and equipped nursing home" on the premises.  *Id*.

Omega subsequently acquired Angell's rights in the properties and the Master Lease. Omega now alleges that Res-Care breached these provisions of the Master Lease by aiding the residents of the three ICF/MRs to move into community-based programs.  *Id*. at ¶ 30.  Res-Care allegedly closed the facilities and returned to Omega "empty, unoccupied, unlicensed buildings." *Id*. at ¶ 33.  Omega asserts that Res-Care's actions had "the effect of terminating the ability of Omega to continue to operate the facilities as ICF/MR facilities under a new operator after the termination of Res-Care's lease … ." *Id*. at ¶ 29.  In other words, if Res-Care had acted appropriately in Omega's view, Omega could have *continued to lease* the ICF/MRs to another operator.

Based upon the allegations of the Third Amended Complaint, Res-Care contends that Count I is merely a count for breach of the Master Lease, and that therefore, Omega's damages are limited to its lost rental profits.  Omega contends that it is entitled to recover the total damages for the loss of the entire ICF/MR operation, including the value of

intangible assets, such as the Certificates of Need.

It is well-settled contract law that "a party's recovery is limited to the loss actually suffered." *Whitaker v. Brunner*, 814 N.E.2d 288, 296 (Ind. Ct. App. 2005). Accordingly, "[a] party may not be placed in a better position than he or she would have enjoyed if the breach had not occurred." *Id.* In this case, because Omega was a Real Estate Investment Trust, it could not own Certificates of Need or any other intangible assets associated with ICF/MRs, and was dependent on an operator such as Res-Care to run the facilities. Thus, had Res-Care complied with Omega's interpretation of the Master Lease, Omega would still have emerged from the lease owning only real estate and improvements. It was Omega's obligation as the owner of the land to lease it to another lessee.

Omega contends, however, that it was precluded from leasing the premises to a third party because the land was permanently impaired due to Res-Care's breach. Omega therefore contends that the fair market value of the land is the appropriate measure of damages. But, there is no evidence that Omega was somehow precluded from leasing the premises to a third party due to *Res-Care's* actions. Without such evidence, Omega is precluded from claiming such damages and is limited to the fair rental value of the property. For these reasons, Res-Care's Motion in Limine to Exclude Evidence of Damages Incurred Under Count I or Unjust Enrichment is **GRANTED**. Omega is hereby **ORDERED** to tender an expert report to Res-Care reflecting the appropriate loss to

3

Omega as a result of Res-Care's alleged breach of the Master Lease by Friday, September 23, 2005.

**SO ORDERED** this  12th  day of September 2005.

                                            RICHARD L. YOUNG, JUDGE
                                            United States District Court
                                            Southern District of Indiana

Electronic Copies to:

Fred R. Biesecker
ICE MILLER
fred.biesecker@icemiller.com

Michael E. Brown
KIGHTLINGER & GRAY
mbrown@k-glaw.com

James R. Fisher
ICE MILLER
james.fisher@icemiller.com

Brian F. Haara
TACHAU MADDOX HOVIOUS & DICKENS PLC
bhaara@tmhd.com

Debra H. Miller
ICE MILLER
miller@icemiller.com

Kevin Michael Norris
TACHAU MADDOX HOVIOUS & DICKENS PLC
knorris@tmhd.com

William C. Potter II
POTTER LAW GROUP
wpotter@potterlawgroup.com

David Tachau
TACHAU MADDOX HOVIOUS & DICKENS
dtachau@tmhd.com