UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OMEGA HEALTHCARE INVESTORS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) 1:99-cv-0862-RLY-WTL ) |
| RES-CARE HEALTH SERVICES, INC.; COMMUNITY ALTERNATIVES INDIANA, INC., and MARSHALL & STEVENS, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE OF PUBLIC POLICY**

Count I of the Third Amended Complaint filed by plaintiff Omega Healthcare Investors, Inc. ("Omega") alleges that defendant Res-Care Health Services, Inc. and Community Alternatives Indiana, Inc. (collectively "Res-Care") breached its agreement for the lease of three Intermediate Care Facilities for the Mentally Retarded ("ICF/MR") in Angola, Ft. Wayne and Sullivan, Indiana, by helping residents at those facilities for whom it provided services move into the community under the Medicaid Waiver program. Res-Care disputes that it breached the parties' lease, but also defends its actions in part based upon public policy. *See Continental Basketball Ass'n v. Ellenstein Enterprises, Inc.*, 669 N.E.2d 134, 139 (Ind. 1996) (courts will not enforce a contract that

contravenes the declared public policy of the state of Indiana).

More specifically, Res-Care asserts that public policy directs that disabilities services be "provided in home and community based settings" and "in the least restrictive environment possible." Ind. Code § 12-11-1.101(c) and (f); *accord*, Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and its implementing regulations, 28 C.F.R. § 35.130(d) (1998) ("A public entity shall administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities."). The ADA's "integration mandate" was more fully explained in *Olmstead v. L.C.*, 527 U.S. 581, 587 (1999), wherein the Court explained:

> The proscription of discrimination may require placement of persons with mental disabilities in community settings rather than in institutions when the State's treatment professionals have determined that community placement is appropriate, the transfer from institutional care to a less restrictive setting is not opposed by the affected individual, and the placement can be reasonably accommodated, taking into account the resources available to the State and the needs of others with mental disabilities.

In the present motion, Res-Care asks the court to take judicial notice of 18 governmental reports, proclamations, and orders that announce and explain the integration mandate so that the jury may review them during deliberations.

Because the integration mandate is relevant to Res-Care's defense, Res-Care may introduce at trial any governmental report, proclamation, and order that was issued before the date of the alleged breach, August 31, 1998, that it reasonably relied upon in making its determination to transfer residents of Omega-owned facilities into group homes or

other community-based settings.  The court declines to take judicial notice of these documents, however.   The weight to be accorded any one report is best left for the jury.  For these reasons, Res-Care's Motion for the Court to Take Judicial Notice of Public Policy is **DENIED**.

**SO ORDERED** this  12th  day of September 2005.

                                     RICHARD L. YOUNG, JUDGE
                                     United States District Court
                                     Southern District of Indiana

Electronic Copies to:

Fred R. Biesecker
ICE MILLER
fred.biesecker@icemiller.com

Michael E. Brown
KIGHTLINGER & GRAY
mbrown@k-glaw.com

James R. Fisher
ICE MILLER
james.fisher@icemiller.com

Brian F. Haara
TACHAU MADDOX HOVIOUS & DICKENS PLC
bhaara@tmhd.com

Debra H. Miller
ICE MILLER
miller@icemiller.com

Kevin Michael Norris

TACHAU MADDOX HOVIOUS & DICKENS PLC
knorris@tmhd.com


William C. Potter II
POTTER LAW GROUP
wpotter@potterlawgroup.com

David Tachau
TACHAU MADDOX HOVIOUS & DICKENS
dtachau@tmhd.com