UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| OMEGA HEALTHCARE INVESTORS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:99-cv-0862-RLY/WTL |
| RES-CARE HEALTH SERVICES, INC., COMMUNITY ALTERNATIVES INDIANA, INC., and MARSHALL & STEVENS, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANTS' POOR CLIENT CARE AND REPUTATION**

Defendants Res-Care Health Services, Inc. and Community Alternatives, Inc. (collectively "Res-Care") move to exclude evidence of Res-Care's allegedly poor client care and reputation. For the reasons explained below, the court **DENIES** in part, and takes **UNDER ADVISEMENT** in part, Res-Care's motion.

**I.    Background**

Count I alleges that Res-Care breached several provisions of the Master Lease that required Res-Care to use plaintiff Omega Healthcare Investors, Inc.'s ("Omega") facilities as licensed nursing homes and to assist in a smooth transition of the premises at the conclusion of Res-Care's lease term. (Third Amended Complaint ¶ 18). Omega

1

contends that Res-Care breached these obligations when it helped residents move out of Omega's buildings – which were being operated as Intermediate Care Facilities for the Mentally Retarded ("ICF/MRs") – and into community-based programs. (Third Amended Complaint ¶ 31).

In response, Res-Care acknowledges that it aided the residents of its ICF/MRs to move into community-based programs – although Res-Care disputes that this constituted a breach of its agreement with Omega. Res-Care also contends that Omega's interpretation of the parties' lease violates public policy as expressed in the Americans with Disabilities Act and later recognized in *Olmstead v. L.C.*, 527 U.S. 581 (1999).

At the trial of this matter, Omega seeks to introduce evidence that 14 of the 111 Res-Care clients who moved out of the Angola, Fort Wayne, and Sullivan facilities into community-based homes or apartments died within 18 months of the transfer. Omega also seeks to introduce evidence of Res-Care's poor reputation in other states. Finally, Omega seeks to introduce statements and positions made by Res-Care in other lawsuits which allegedly contradict certain representations made in this lawsuit. Res-Care asserts that none of this evidence is relevant to Count I of the Third Amended Complaint.

**II.     Discussion**

    **A.     Resident Deaths**

The introduction of evidence regarding the deaths of 14 of Res-Care's former clients is obviously prejudicial to Res-Care. Furthermore, the results of a Mortality and Morbidity Study were inconclusive regarding whether these deaths had any relationship

to the community integration of these individuals. However, in a prior motion in limine, the court did allow Res-Care to introduce evidence that its clients were "better off" because of the transfer into community-based housing. Therefore, Omega is allowed to impeach that conclusion by introducing evidence of the fact that 14 of the residents who transferred into community-based housing have perished within 18 months of their transfer.

### B. Res-Care's Reputation in Other States

Res-Care operates programs and facilities for the mentally retarded in 28 states, Washington D.C., and Canada. Omega seeks to introduce evidence of various complaints and investigations relating to Res-Care's alleged poor client care to impeach Res-Care's claim that the movement of the resident clients out of the Omega facilities was consensual and with the informed agreement of the involved parties. In other words, had Res-Care's clients been aware of Res-Care's reputation, these clients may not have agreed to transfer into community-based housing. The court takes this issue **UNDER ADVISEMENT** until such time that Res-Care's reputation is an issue at trial.

### C. Res-Care's Prior Litigation

Res-Care was involved in three prior lawsuits. The first was against the State of Indiana and involved Medicaid reimbursements. The second was filed in Kentucky federal court by Res-Care against Omega regarding the calculation of lease payments in four Indiana facilities. The third was filed by Jerry L. Poyner and his closely-held corporation, Poyner, Inc., against Res-Care in Kansas. The claims arose out of the lease

of two buildings and was dismissed by stipulation in August 2002.  Omega claims that certain representations and statements by Res-Care are contrary to representations made in this lawsuit, and that it should be allowed to raise these contradictions as impeachment evidence.  Again, the court takes this issue **UNDER ADVISEMENT** until such time as these allegedly contradictory statements occur at trial.

### III.  Conclusion

For the reasons explained above, the court **DENIES** Defendants' motion to the extent it seeks to exclude evidence that some of its clients died relatively soon after their transfer into community-based housing.  The court takes **UNDER ADVISEMENT** Defendants' motion with respect to Res-Care's reputation in other states and Res-Care's representations made in prior lawsuits.

**SO ORDERED** this  13th   day of September 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Fred R. Biesecker
ICE MILLER
fred.biesecker@icemiller.com

Michael E. Brown
KIGHTLINGER & GRAY
mbrown@k-glaw.com

James R. Fisher
ICE MILLER
james.fisher@icemiller.com

Brian F. Haara
TACHAU MADDOX HOVIOUS & DICKENS PLC
bhaara@tmhd.com

Debra H. Miller
ICE MILLER
miller@icemiller.com

Kevin Michael Norris
TACHAU MADDOX HOVIOUS & DICKENS PLC
knorris@tmhd.com

William C. Potter II
POTTER LAW GROUP
wpotter@potterlawgroup.com

David Tachau
TACHAU MADDOX HOVIOUS & DICKENS
dtachau@tmhd.com